UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cr-03-SEB-KPF-6 |
| | ) | |
| KENNETH JONES, | ) | |
| a/k/a "Kenfolk," | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING RULE 29, F.R.CR.P., MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT ONE OF THE SUPERSEDING INDICTMENT AS TO DEFENDANT JONES ONLY**

At the conclusion of all the evidence at trial and prior to the commencement of jury deliberations, Defendant Kenneth Jones, by counsel, moved for Judgment of Acquittal, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, arguing that the Government's evidence as to the charge against him in Count One of conspiracy to distribute controlled substances (cocaine), in violation of Title 21, U.S.C. § 846, did not suffice, as a matter of law, to permit a reasonable jury to find beyond a reasonable doubt that he knowingly and intentionally joined and participated in an agreement with one or more other individuals to commit an unlawful act, (see United States v. Avila, 557 F.3d 809, 815 (7th Cir. 2009)), but instead, at most, established that he was merely a buyer of controlled substances from an identified seller of same.

The Court took Defendant Jones's motion under advisement, pursuant to Rule 29(b), reserving a judgment until after the properly instructed jury who had been advised of the distinction between conspiracy and a buyer-seller relationship, (see Seventh Circuit Pattern Criminal Jury Instruction No. 6.12 and our trial instruction No. 15), reached a verdict on this Count. In due course, following deliberations, the jury returned a verdict of guilty against Defendant Jones (and his two co-defendants) on Count One of the Indictment. Having reserved a judgment on the motion, we now enter our ruling.

A conspiracy is "a knowing and intentional agreement between two or more people to fulfill a particular criminal objective." United States v. King, 627 F.3d 641, 651 (7th Cir. 2010) (quotations omitted). Applying the Seventh Circuit holdings in United States v. Colon, 549 F.3d 565 (7th Cir. 2008) and United States v. Johnson, 592 F.3d 749 (7th Cir. 2010), and based on our careful review of the transcripts of the approximately twenty intercepted telephone conversations between Defendant Jones and Co-defendant Ramone Mockabee, which comprised the only evidence relating to Jones's purchases of cocaine during the conspiracy, we conclude that the Motion for Judgment of Acquittal on the conspiracy charge must be granted.

The Government relied on the intercepted telephone conversations to provide circumstantial evidence of Jones's guilt beyond a reasonable doubt of conspiracy. The recorded calls established the following: (1) a pattern of regular, frequent drug purchases by Jones from Mockabee; (2) in quantities sufficiently large to support an inference of an intent to distribute the cocaine acquired by Jones from Mockabee; (3) pursuant to a

secretive, surreptitious manner of dealing; and (4) a single remark by Jones to Mockabee in which Jones said that he needed to get the cocaine from Mockabee for his "cuz," a code reference for "customer."

Given the teachings of Johnson and Colon, however, it is clear that this evidence is insufficient to prove Jones guilty of conspiracy to distribute controlled substances beyond a reasonable doubt as opposed to merely a buyer-seller relationship. The Court of Appeals has acknowledged that "[c]ertain characteristics inherent in any ongoing buyer-seller relationship will also generally suggest the existence of a conspiracy." Johnson, 592 F.3d at 754. However, "a conviction for conspiracy to distribute drugs cannot be sustained *solely* on circumstantial evidence if the evidence contains no basis for the jury to distinguish the alleged conspiracy from the underlying buyer-seller relationship." Id. at 755 (citations omitted) (emphasis in original). The Seventh Circuit has indicated that evidence sufficient to distinguish a conspiracy from a nonconspiratorial wholesale buyer-seller relationship could include evidence of "sales on credit or consignment, an agreement to look for other customers, a payment of commission on sales, an indication that one party advised the other on the conduct of the other's business or an agreement to warn of future threats to each other's business stemming from competitors or law enforcement authorities." Id. at 755-56 (citing Colon, 549 F.3d at 568-70).

The decision in Johnson, incorporating the Court's earlier analysis in Colon, further holds:

> If the prosecution rests its case only on evidence that a buyer and seller traded in

> large quantities of drugs, used standardized transactions, and had a prolonged relationship, then the jury would have to choose between two equally plausible inferences. On one hand, the jury could infer that the purchaser and the supplier conspired to distribute drugs. On the other hand, the jury could infer that the purchaser was just a repeat wholesale customer of the supplier and that the two had not entered into an agreement to distribute drugs to others. In this situation, the evidence is essentially in equipoise; the plausibility of each inference is about the same, so the jury necessarily would have to entertain a reasonable doubt on the conspiracy charge. . . . Absent some other evidence of a conspiratorial agreement to tip the scales, the jury must acquit. Otherwise, the law would make any "wholesale customer of a conspiracy . . . a co-conspirator per se." Colon, 549 F.3d at 569.

Johnson, 592 F.3d at 755 (additional internal citations omitted).

In Colon, Judge Posner, writing for the majority, acknowledged that "in every case [the] factors [indicative of participation in a conspiracy] have to be placed in context before an inference of participation in a conspiracy can be drawn." Colon, 549 F.3d at 568 (citations omitted). However, the factors that the Government relied upon in Colon to establish participation in a drug conspiracy, rather than a buyer-seller relationship, were all found lacking because they would all be equally true of a buyer-seller relationship, i.e., the use of code names, prolonged cooperation, repeated transactions, purchases in wholesale quantities, a shared understanding that the cocaine purchased would be re-sold, and a regular and standardized method of dealing evidencing mutual trust. Describing the government's theory as "muddled" and the trial court's instructions "warped", no mention was made of the apparent consequence of these rulings, namely, that the Seventh Circuit's pattern jury instruction appears to be no longer valid, given that the instruction includes the following language explaining to the jury the difference

4

between a conspiracy and a "simple buyer-seller relationship":

> In considering whether a conspiracy or a simple buyer-seller relationship existed, you should consider all of the evidence, including the following factors: (1) Whether the transaction involved large quantities of cocaine; (2) Whether the parties had a standardized way of doing business over time; (3) Whether the sales were on credit or on consignment; (4) Whether the parties had a continuing relationship; (5) Whether the seller had a financial stake in a resale by the buyer; and (6) Whether the parties had an understanding that the cocaine would be resold.
>
> No single factor necessarily indicates by itself that a defendant was or was not engaged in a simple buyer-seller relationship.

Seventh Circuit Pattern Criminal Jury Instructions 6.12 (1999). We have serious doubts, after Colon and Johnson, whether these enumerated factors properly encompass the factors that may be relied upon to prove a conspiracy as opposed to a buyer-seller relationship.

In the case at bar, the record reflects that Defendant Jones's counsel (as well as the other defense attorneys) expressly requested that this instruction be given to the jury, though the Government, apparently sensing the uncertainties in the current state of the law applicable to it, objected to it in its entirety. Once the Court determined that this guidance needed to be given to the jury, Government counsel, citing the Seventh Circuit's decision in United States v. Avila, 557 F.3d 809 (7th Cir. 2009), proposed that the following language be added at the end of the pattern instruction: "All that is necessary to establish a conspiracy to distribute controlled substances, as opposed to a mere buyer-seller relationship, is an understanding or agreement related to the subsequent distribution of controlled substances." There was no objection to this addition from the Defendants'

5

counsel and the Court added the proposed sentence immediately after the final sentence of the pattern language of the buyer-seller instruction, to wit, "No single factor necessarily indicates by itself that a defendant was or was not engaged in a simpler buyer-seller relationship."

This additional language may or may not have cured the problems with the pattern instruction as discussed in Colon and Johnson. What we know from these decisions is that the factors listed in the pattern instruction as examples of evidence on which the jury could rely in deciding between a conspiracy and a buyer-seller relationship are no longer pertinent for that purpose unless the government "has offered some evidence from which the jury can distinguish a conspiracy from a mere buyer-seller relationship. Where the government has offered *some* distinguishing evidence, the jury may rely on the other factors listed in the instruction to buttress an inference that there was an agreement to distribute drugs." Johnson, 592 F.3d at 758 (internal citations omitted) (emphasis in original). But in the case at bar we must note that there was no such "distinguishing evidence" adduced.

The evidence against Jones presented at trial included none of the explicitly "approved factors", to wit, a fronting/credit/consignment relationship between Jones and Mockabee, evidence about Jones's earning commissions on sales, Jones's search for, enlistment or recruitment of other customers, or any warnings by Jones to Mockabee or their other cohorts about competing dealers or law enforcement authorities. The evidence on which the government relied, as outlined previously, consisted only of the

6

quantity/course of dealing/sequencing of the purchase transactions/intended resale factors. Although it is not entirely clear what amount of evidence might suffice as "some distinguishing evidence" as the phrase has been used by the Court of Appeals to allow a jury to decide between a conspiracy and a buyer-seller relationship, at least in this case we can say with some confidence that what was introduced was simply not enough.

Thus, we hold that no reasonable jury could have convicted Jones of a conspiracy on these facts, and the jury's verdict to the contrary must and shall therefore be vacated. The Motion for Judgment of Acquittal as to Defendant Jones on Count One of the Superseding Indictment is therefore <u>GRANTED</u>.

IT IS SO ORDERED.

Date: _____01/25/2011_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Victoria Ursulskis
ATTORNEY AT LAW
vursulsk@earthlink.net